# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GRET MIDWEST INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BUTCH THOMPSON ENTERPRISES, INC, CONRAD CORPORATION, INC., JUDSON C. THOMPSON, and CAROLYN S. THOMPSON,<br><br>Defendants. | Case No. 1:23-cv-03440-SEG |

## DECLARATION OF JUDSON THOMPSON

I, Judson Thompson, the Declarant, being first duly sworn upon my oath, do hereby state, affirm, and depose under the penalty of perjury that the following is true and correct:

1. My name is Judson Thompson, and I have personal knowledge of all facts set forth in this Affidavit. I am over the age of 21, I am not under any disability, and if called to testify, I could competently testify to all facts set forth herein.

2. The facts stated in this Declaration are true and correct to the best of my knowledge and belief and are based on my personal knowledge.

1

3. I was the owner of Butch Thompson Enterprises ("BTE") and Conrad Corporation ("Conrad"). In addition, I was primarily responsible for the finances of BTE, Conrad, and the personal finances of myself and my wife Carolyn Thompson.

4. On or around September 3, 2024, I made the decision to place BTE in bankruptcy. That bankruptcy is still pending.

5. There are numerous Butch Thompson Enterprises debts that were secured by personal guaranties by my wife, Conrad, and myself beyond the Indemnity Agreement, including Greenwich Capital Management LP, Clearfund Solutions LLC, White Road Capital, LLC, Advance Servicing, Inc., First National Community Bank, and Prosperum Capital Partners LLC.

6. Prior to the bankruptcy, I was in charge of operations for BTE.

7. This included executing the indemnity agreement with Great Midwest to obtain payment and performance jobs for multiple jobs with Cobb County, including the Hillcrest Drive Sidewalk Project Number X2764.

8. During performance of the Hillcrest Project, Cobb County began improperly withholding payments owed to BTE on Hillcrest and three other jobs.

9. The payment withholding impacted BTE's ability to pay its subcontractors.

10. Payment bond claims were made to the surety, Great Midwest, who in turn began taking payments directly from Cobb County.

11. On behalf of BTE, I reviewed each and every bond claim and provided responses to Great Midwest.

12. On May 9, 2023, Cobb County improperly terminated BTE for the Hillcrest Project.

13. BTE continued working closely with Great Midwest on completion options.

14. BTE proposed completing the project working under a consultant provided by Great Midwest.

15. BTE provided detailed financial information at Great Midwest's request and otherwise fully complied with requests from Great Midwest.

16. BTE was willing and able to complete the Hillcrest project working under Great Midwest's consultant for the remaining contract balance.

17. During these negotiations, Great Midwest sent a collateral demand. I offered equity in the house and in the office building up to $500,000. At that time, between the house and the office building, the offered equity was more than sufficient to satisfy the collateral demand.

18. BTE repeatedly provided the grounds and basis for its position that the default termination on Hillcrest was improper to Great Midwest. The default was improper because it did not follow the contract process, including that the initial notice of potential default was not sent by the authorized individual, that the County

had previously materially breached the contract by wrongfully withholding payments owed to BTE, that the county had materially breached the contract by failing to timely issue change orders for different scopes that increased the cost and time necessary to perform the work, and that the county had applied overly stringent standards for inspection. In general, the county failed to act in good faith in performance of its obligations under the contract for Hillcrest. The breaches occurred prior to the default termination.

19. BTE did not receive a single payment from Cobb County on any project, including Hillcrest, from January 26, 2023, until the default termination on May 2023.

20. As another alternative, BTE proposed utilizing another contract, Fritz Contractors, to complete the work. Great Midwest constructively rejected this proposal with its collateral demands for Fritz Contracting.

21. While BTE continued trying to work with Great Midwest on completion, Great Midwest filed the current action on August 4, 2023.

22. Despite the filing of the lawsuit, I continued working with Great Midwest to provide financial information and seek resolution, including completing the Hillcrest project.

23. Great Midwest provided the Request for Quotation and Field Visit Report to BTE on September 25, 2023. This document was needed to prepare a comparable estimate for comparison with other bidders.

24. On October 2, 2023, BTE provided a detailed plan for completing the Hillcrest project. This was provided approximately one week after BTE received the surety's Field Visit Notes and Request for Quotations to finish the work.

25. Pursuant to the terms of the Contract, Cobb County was expected to provide progress payments during the Project. These payments were intended to pay for materials purchased by BTE and subcontractors providing work for the Project.

26. BTE submitted Pay Application No. 1 to Cobb County requesting payment. Cobb County did not fulfill this Pay Application in full. This is reflected in Pay Application No. 2.

27. On February 8, 2023, BTE submitted Pay Application No. 2 to Cobb County, requesting payment showing $80,801.91 that had been outstanding for 90 days. Cobb County did not fulfill this Pay Application in full.

28. On August 11, 2022, BTE submitted Pay Application No. 3 to Cobb County, requesting payment of $33,292.04 on or before August 11, 2022. Cobb County did not fulfill this Pay Application in full.

29. When BTE submitted Pay Application No. 10, it requested $176,904.30, less $8845.22 retainage, for a net payable amount of $168,059.08. Cobb County cut the bill to a net pay of $21,963.76.

30. These payment shortages impacted BTE's ability to pay its subcontractors and suppliers, resulting in impacts to job progress.

31. To offset these reduced payments, BTE and Thompson were forced to execute financing agreements with high interest and penalty rates in order to keep the job progressing and to finance BTE.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of October 2024

Judson Thompson